**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 7 |
| MP DIAGNOSTICS, INC.,<br>MP DIAGNOSTICS, LTD.,<br>　　　Debtors. | Case No.: 18-10450 -LMI<br>Jointly Administered |

_____/

| | |
|---|---|
| DREW M. DILLWORTH, as Chapter 7 Trustee, | Adv. Pro. No. _____ |
| 　　　Plaintiff,<br>v. | |
| GOLDEN PEAR FUNDING, LLC, a New York limited liability company, | |
| 　　　Defendant. | |

_____/

## ADVERSARY COMPLAINT

Plaintiff, Drew M. Dillworth, duly appointed, qualified, and acting chapter 7 bankruptcy trustee ("Trustee Dillworth") for the chapter 7 bankruptcy estates of MP Diagnostics, Inc. ("MPDI") and MP Diagnostics, Ltd. ("MPDL," and jointly with MPDI, the "Debtor"), sues Defendant, Golden Pear Funding, LLC ("Defendant"), and states as follows:

### I.　NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE

1.　This adversary proceeding seeks to avoid and recover fraudulent transfers made by Debtors to Defendant, pursuant to sections 544, 548 and 550 of Title 11 of the United States Code, 11 U.S.C. §§ 101, _et seq_., ("Bankruptcy Code"), and applicable Florida law, and Rule 7001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

2.　Plaintiff, Trustee Dillworth, is the duly appointed, qualified, and acting chapter 7 trustee of Debtors' bankruptcy estates created pursuant to section 541 of the Bankruptcy Code.

3.      Defendant is a New York limited liability company.

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(b).

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      This is a core proceeding for which the Court is authorized to determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(A), (B), (H), and (O).

## II.    GENERAL ALLEGATIONS

7.      On January 12, 2018, MPDI filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court"), initiating the case styled *In re MP Diagnostics, Inc.*, Case No. 18-10450-LMI ("Main Case").   Thereafter, on February 4, 2018 (the "Petition Date"), MPDL filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court initiating the case styled *In re MP Diagnostics, Ltd.*, Case No. 18-11342-LMI, which case is jointly administered with the Main Case.

8.      The Main Case was converted to one under Chapter 7 of the Bankruptcy Code by Order of the Court entered on March 15, 2015 [Main Case ECF No. 48].   Upon conversion, Trustee Dillworth was appointed as chapter 7 trustee of the Debtor's bankruptcy estate [Main Case ECF No. 49].

9.      Since the Petition Date, Trustee Dillworth has conducted an investigation into the Debtor's pre-petition financial affairs to determine the cause of Debtor's financial failure. Trustee Dillworth determined that, in part, a reason for the Debtor's financial failure was the use of Debtor's assets without receiving anything of value in return in the same or similar manner as occurred in Debtor's financial dealings with Defendant.

### III.    DEBTORS' PREPETITION ACTIVITY

10.    MDPI is a Florida corporation.  MDPL is a Florida limited liability company. MDPI is the general partner of MDPL.

11.    From inception through closing on the sale of the equity interests in Debtor on June 30, 2015, the equity interests of Debtor were owned and controlled by one or more of Jaime Pozo, Graciela Pozo, Yvette Almeida, and other members of the Pozo family (collectively, the "Pozo Family").

12.    Debtor was originally organized by the members of the Pozo Family in approximately 2000.  After their formation, Debtor provided medical diagnostic imaging services to the general public in South Florida.

13.    As of the summer of 2014, the Debtor was insolvent and not generally paying its debts as they came due.  Debtor's financial difficulties were related to reductions in reimbursement rates for Debtor's services payable by health care insurers.  These difficulties rendered the Debtor unable to invest in new equipment, pay rent to entities related to the Pozo Family, or pay salary to Debtor's officers and directors.

14.    Rather than wind-down Debtor's business and affairs, the Pozo family began an informal process of looking for a purchaser for the Debtor along with several other businesses owned by the Pozo Family, including Comprehensive Breast Centers, Ltd. and Flagler Diagnostics, Inc. (the "Non-Debtor Entities").  The Pozo Family did not hire a broker or investment banker to find a buyer for their equity interests in the Debtor because in their view the Debtor was not worth anything.  To them, selling the equity in the Debtor was about getting out of the business before they lost everything.

15.     In August of 2014, the Pozo Family entered into an agreement to sell their ownership interests in Debtor and the Non-Debtor Entities (the "Sale Transaction") to Alvaro Villegas Garcia ("Garcia").

16.     At the time of the Sale Transaction, Garcia was a recent graduate of University of Miami with little, if any, experience operating a business like the Debtors.

17.     At no time did the Pozo Family conducted due diligence concerning Garcia's fitness to take over the Debtor's business operations.

18.     Apart from being an inexperienced recent college graduate, as of the summer of 2014, Garcia was the subject of a final judgment in excess of $1.4 million in the District Court proceeding styled *Liquid Capital Exchange, Inc. v. Alvaro Rauseo et al.*, 13-CV-20864-Williams (D. S.D. Fla.).

19.     The Sale Transaction was structured whereby Garcia would acquire ownership of the Debtor in consideration for Garcia causing Debtor to satisfy, at closing, all outstanding claims against the Debtor upon which the Pozo Family had issued guarantees of payment.

20.     In furtherance of the Sale Transaction, the Pozo Family installed Garcia as an officer and director of the Debtor shortly after executing the sale contract in August, 2014.

21.     Thereafter, Garcia opened new bank accounts for the Debtor and began solicited loans from various third parties under false pretenses.

22.     In particular, Garcia promised investors that the proceeds of the loans would be used to open new locations for the Debtor's business.

23.     In return, Garcia promised investors a percentage of the net operating income from the new facility and annual interest on their loans to the Debtor.

24.     However, notwithstanding these promises, Garcia caused Debtor to use the proceeds of the investor loans to: (a) fund the guaranteed obligations at closing on the Sale

Transaction on June 30, 2015; (b) pay the expenses of the Non-Debtor Entities and other non-debtor entities; and (c) pay the expenses of Garcia, his mother, Arlene Garcia, and the expenses of Ms. Garcia's companies.

25.     Debtor honored none of the obligations due investors.

26.     At all relevant times, Debtor (i) did not generate operational revenue sufficient to pay their debts as those debts became due and (ii) were balance sheet insolvent.

IV.     THE TRANSFERS

27.     Trustee Dillworth has documentation that the Defendant received transfers totaling $212,380.98 in the four year period prior to the Petition Date ("Four-Year Transfers"), which also includes transfers made in the two-year period prior to the Petition Date ("Two-Year Transfers") (the Two-Year Transfers and the Four-Year Transfers are collectively referred to as the "Transfers"), as further detailed in Exhibit A, that are avoidable and recoverable for the benefit of the bankruptcy estates.

28.     Trustee Dillworth is advised and believes that the Transfers were made to Defendant in violations of the parties' contractual arrangements.

29.     Any conditions precedent to bringing this action have been performed, have occurred or have been waived.

**COUNT I**
**AVOIDANCE OF FRAUDULENT**
**TRANSFER PURSUANT TO BANKRUPTCY CODE § 548(a)(1)(A)**

30.     Trustee Dillworth sues Defendant seeking to avoid the Transfers pursuant to sections 544 and 548(a)(1)(A) of the Bankruptcy Code. The allegations set forth in paragraphs 1 through 29 are incorporated into Count I as if fully restated herein.

31.     MDPL made the Two-Year Transfers to Defendant within the two year period prior to the Petition Date.

32.     The Two-Year Transfers were a voluntary or involuntary transfer of an interest of MDPL in property.

33.     MDPL made the Two-Year Transfers to Defendant with the actual intent to hinder, delay or defraud an entity or individual to which or whom MDPL was or became, on or after the date that such Two-Year Transfers were made, indebted.

**WHEREFORE**, Trustee Dillworth respectfully requests the Court to enter a judgment in favor of Trustee Dillworth and against Defendant as follows:

A.     Declaring the Two-Year Transfers to be a fraudulent transfer pursuant to Bankruptcy Code § 548(a)(1)(A);

B.     Avoiding the Two-Year Transfers as a fraudulent transfer pursuant to Bankruptcy Code § 548(a)(1)(A);

C.     Awarding to Trustee Dillworth, for the benefit of MPDL's bankruptcy estate, pre- and post-judgment interest and costs; and

D.     Granting such other and further relief as may be equitable and just.

**COUNT II**
**AVOIDANCE OF FRAUDULENT**
**TRANSFER PURSUANT TO BANKRUPTCY CODE § 548(a)(1)(B)**

34.     Trustee Dillworth sues Defendant seeking to avoid the Transfers pursuant to sections 544 and 548(a)(1)(B) of the Bankruptcy Code.  The allegations set forth in paragraphs 1 through 29 are incorporated into Count II as if fully restated herein.

35.     MPDL made the Two-Year Transfers to Defendant within the two-year period prior to the Petition Date.

36.     The Two-Year Transfers were voluntary or involuntary transfers of an interest of MPDL in property.

37.     MPDL received less than reasonably equivalent value in exchange for the Transfers, and;

   a.     MPDL was insolvent on the date that the transfer was made, or were rendered insolvent as a result of the Two-Year Transfers;

   b.     MPDL was engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with MPDL was an unreasonably small capital; or

   c.     MPDL intended to incur, or believed they would incur, debts that would be beyond their ability to pay as such debts matured.

**WHEREFORE**, Trustee Dillworth respectfully requests the Court to enter a judgment in favor of Trustee Dillworth and against Defendant as follows:

   A.     Declaring the Two-Year Transfers to be a fraudulent transfers pursuant to Bankruptcy Code § 548(a)(1)(B);

   B.     Avoiding the Two-Year Transfers as a fraudulent transfers pursuant to Bankruptcy Code § 548(a)(1)(B);

C.      Awarding to Trustee Dillworth, for the benefit of MPDL's bankruptcy estate, pre-

and post-judgment interest and costs; and

D.      Granting such other and further relief as may be equitable and just.

## COUNT III
## AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO
## BANKRUPTCY CODE §544(b)(1) AND FLA. STAT. §§726.105(1)(A) AND 726.108(1)(A)

38.     Trustee Dillworth sues Defendant seeking to avoid the Transfers pursuant to

section 544(b)(1) of the Bankruptcy Code and sections 726.105(1)(A) and 726.108(1)(A) of the

Florida Statutes.  The allegations set forth in paragraphs 1 through 29 are incorporated into

Count III as if fully restated herein.

39.     MPDL made the Four-Year Transfers to Defendant within the four-year period

prior to the Petition Date.

40.     The Four-Year Transfers were made with the actual intent to hinder, delay or

defraud a creditor of MPDL.

41.     MPDL had at least one actual creditor as of the time of the Four-Year Transfers

holding an unsecured claim which is allowable within the meaning of 11 U.S.C. § 544(b)(1), by

whom the Four-Year Transfers were avoidable under applicable law, including Fla. Stat. §§

726.105(1)(a) and 726.108(1)(a).

42.     The Four-Year Transfers are avoidable pursuant to Bankruptcy Code § 544 and

Fla. Stat. §§ 726.105(1)(a) and 726.108(1)(a).

**WHEREFORE**, Trustee Dillworth respectfully requests the Court to enter a judgment in

favor of Trustee Dillworth and against Defendant as follows:

A.      Declaring the Four-Year Transfers to be a fraudulent transfer pursuant to Fla. Stat.

§ 726.105(1)(a);

B.      Avoiding the Four-Year Transfers as a fraudulent transfer pursuant to Fla. Stat. §§ 726.105(1)(a) and 726.108(1)(a);

C.      Awarding to Trustee Dillworth, for the benefit of MPDL's bankruptcy estate pre- and post-judgment interest and costs; and

D.      Granting such other and further relief as may be equitable and just.

## COUNT IV
## AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO
## BANKRUPTCY CODE § 544(b)(1) AND FLA. STAT. §§ 726.105(1)(B) AND 726.108(1)(A)

43.      Trustee Dillworth sues Defendant seeking to avoid the Four-Year Transfers pursuant to section 544(b)(1) of the Bankruptcy Code and sections 726.105(1)(B) and 726.108(1)(A) of the Florida Statutes.  The allegations set forth in paragraphs 1 through 29 are incorporated into Count IV as if fully restated herein.

44.      MPDL made the Four-Year Transfers to Defendant within the four-year period prior to the Petition Date.

45.      MPDL received less than reasonably equivalent value in exchange for the Four-Year Transfers; and

    a.  MPDL was engaged or was about to engage in a business or a transaction for which the remaining assets of MPDL were unreasonably small in relation to its business or transaction; or

    b.  MPDL intended to incur, or believed they would incur, debts that would be beyond MPDL's ability to pay as they became due.

46.      MPDL had at least one actual creditor as of the time of the Four-Year Transfers holding an unsecured claim which is allowable within the meaning of 11 U.S.C. § 544(b)(1), by whom the Four-Year Transfers was avoidable under applicable law, including Fla. Stat. §§ 726.105(1)(b) and 726.108(1)(a).

47.     The Four-Year Transfers are avoidable under Bankruptcy Code § 544 and Fla. Stat. § 726.105(1)(b) and 726.108(1)(a).

**WHEREFORE**, Trustee Dillworth respectfully requests the Court to enter a judgment in favor of Trustee Dillworth and against Defendant as follows:

A.     Declaring the Four-Year Transfers to be a fraudulent transfer pursuant to Fla. Stat. § 726.105(1)(b);

B.     Avoiding the Four-Year Transfers as a fraudulent transfer pursuant to Fla. Stat. §§ 726.105(1)(b) and 726.108(1)(a);

C.     Awarding to Trustee Dillworth, for the benefit of MPDL's bankruptcy estate pre- and post-judgment interest and costs; and

D.     Granting such other and further relief as may be equitable and just.

## COUNT V
### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO BANKRUPTCY CODE § 544(b)(1) AND FLA. STAT. §§ 726.106(1) AND 726.108(1)(A)

48.     Trustee Dillworth sues Defendant seeking to avoid the Transfers pursuant to section 544(b)(1) of the Bankruptcy Code and sections 726.106(1) and 726.108(1)(A) of the Florida Statutes.  The allegations set forth in paragraphs 1 through 29 are incorporated into Count V as if fully restated herein.

49.     MPDL made the Four-Year Transfers to Defendant within the four year period prior to the Petition Date.

50.     MPDL made the Four-Year Transfers without receiving reasonably equivalent value in exchange.

51.     MPDL was insolvent at the time of the Four-Year Transfers or became insolvent as a result of the Transfers.

52.     MPDL had at least one actual creditor as of the time of the Four-Year Transfers holding an unsecured claim which is allowable within the meaning of 11 U.S.C. § 544(b)(1), by whom the Four-Year Transfers was avoidable under applicable law, including Fla. Stat. §§ 726.106(1) and 726.108(1)(a).

53.     The Four-Year Transfers are avoidable under Bankruptcy Code § 544 and Fla. Stat. §§ 726.106(1) and 726.108(1)(a).

**WHEREFORE**, Trustee Dillworth respectfully requests the Court to enter a judgment in favor of Trustee Dillworth and against Defendant as follows:

A.     Declaring the Four-Year Transfers to be fraudulent transfers pursuant to Fla. Stat. § 726.106(1);

B.     Avoiding the Four-Year Transfers as fraudulent transfer pursuant to Bankruptcy Fla. Stat. § 726.106(1) and 726.108(1)(a);

C.     Awarding to Trustee Dillworth, for the benefit of MPDL's bankruptcy estate pre- and post-judgment interest and costs; and

D.     Granting such other and further relief as may be just and proper.

## COUNT VI
## RECOVERY OF THE TRANSFERS PURSUANT TO BANKRUPTCY CODE § 550

54.     Trustee Dillworth sues Defendant seeking to recover the Transfers pursuant to section 550 of the Bankruptcy Code.  The allegations set forth in paragraphs 1 through 29 are incorporated into Count VI as if fully restated herein.

55.     The Transfers are avoidable pursuant to Bankruptcy Code §§ 544 and 548, and Fla. Stat. §§ 726.105(1)(a), 726.105(1)(b) and/or 726.106(1) and § 726.108(1)(a).

56.     Defendant was the initial transferee or entity for whose benefit the Transfers were made under Bankruptcy Code § 550(a)(1).

57.     The Transfers, or the value of the Transfers, is recoverable by Trustee Dillworth, for the benefit of MPDL's bankruptcy estate, from Defendant pursuant to section 550 of the Bankruptcy Code.

**WHEREFORE**, Trustee Dillworth respectfully requests the Court to enter a judgment in favor of Trustee Dillworth and against Defendant as follows:

A.     Declaring Defendant the initial transferee or entity for whose benefit the Transfers were made under Bankruptcy Code § 550(a)(1);

B.     Directing Defendant to turn over to Trustee Dillworth, for the benefit of MPDL's bankruptcy estate, the Transfers or the value of the Transfers, or awarding Trustee Dillworth, for the benefit of MPDL's bankruptcy estate, money damages against Defendant in the amount of the Transfers, plus pre-and post-judgment interest and costs; and

C.     Granting such other and further relief as may be equitable and just.

Respectfully submitted,

  /s/ Kristopher E. Pearson, Esq.
Kristopher E. Pearson
Florida Bar No. 0016874
kpearson@stearnsweaver.com
**STEARNS WEAVER MILLER**
**WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:    (305) 789-3200
Facsimile:    (305) 789-2688

COUNSEL FOR TRUSTEE DILLWORTH

# EXHIBIT A

# STEARNS WEAVER MILLER
# WEISSLER ALHADEFF & SITTERSON, P.A.

Drew M. Dillworth
150 West Flagler Street, Suite 2200
Miami, FL 33130
Direct: (305) 789-3598
Fax: (305) 789-3395
Email: ddillworth@stearnsweaver.com

July 16, 2019

Golden Pear Funding
c/o President
525 Washington Blvd.
Suite 2015
Jersey City, NJ  07310

Golden Pear Funding
c/o President
520 8th Avenue
Suite 1001
New York, New York  10018

Re:    MP Diagnostics, Inc., 18-14850-LMI
       MP Diagnostics, Ltd., 18-11342-LMI

To Whom It May Concern:

The above-referenced companies filed voluntary chapter 11 bankruptcy proceedings in the Southern District of Florida on January 12, 2018, and February 4, 2018, respectively. Thereafter the cases were consolidated for administrative purposes and converted to chapter 7 on March 15, 2018.   Our client is the duly appointed, qualified, and acting chapter 7 bankruptcy trustee administering the jointly administered estate.

The purpose of this letter is to inquire about a payments that debtors made to your company in the total amount of $212,380.98 as follows:

| Date | Payee | Amount |
|------|-------|--------|
| 09/21/15 | Golden Pear Funding | 676.77 |
| 09/22/15 | Golden Pear Funding | 676.77 |
| 09/23/15 | Golden Pear Funding | 676.77 |
| 09/24/15 | Golden Pear Funding | 676.77 |
| 09/25/15 | Golden Pear Funding | 676.77 |
| 09/28/15 | Golden Pear Funding | 676.77 |
| 09/29/15 | Golden Pear Funding | 676.77 |
| 09/30/15 | Golden Pear Funding | 676.77 |
| 10/01/15 | Golden Pear Funding | 676.77 |
| 10/02/15 | Golden Pear Funding | 676.77 |

MIAMI · FORT LAUDERDALE · TAMPA · TALLAHASSEE

July 16, 2019
Page 2

| | | |
|---|---|---|
| 10/05/15 | Golden Pear Funding | 676.77 |
| 10/06/15 | Golden Pear Funding | 676.77 |
| 10/07/15 | Golden Pear Funding | 676.77 |
| 10/08/15 | Golden Pear Funding | 676.77 |
| 10/09/15 | Golden Pear Funding | 676.77 |
| 10/13/15 | Golden Pear Funding | 676.77 |
| 10/14/15 | Golden Pear Funding | 676.77 |
| 10/16/15 | Golden Pear Funding | 676.77 |
| 10/19/15 | Golden Pear Funding | 676.77 |
| 10/20/15 | Golden Pear Funding | 676.77 |
| 10/21/15 | Golden Pear Funding | 676.77 |
| 10/22/15 | Golden Pear Funding | 676.77 |
| 10/23/15 | Golden Pear Funding | 676.77 |
| 10/26/15 | Golden Pear Funding | 676.77 |
| 10/27/15 | Golden Pear Funding | 676.77 |
| 10/28/15 | Golden Pear Funding | 676.77 |
| 10/29/15 | Golden Pear Funding | 676.77 |
| 10/30/15 | Golden Pear Funding | 676.77 |
| 11/02/15 | Golden Pear Funding | 676.77 |
| 11/03/15 | Golden Pear Funding | 676.77 |
| 11/04/15 | Golden Pear Funding | 676.77 |
| 11/05/15 | Golden Pear Funding | 676.77 |
| 11/06/15 | Golden Pear Funding | 676.77 |
| 11/09/15 | Golden Pear Funding | 676.77 |
| 11/10/15 | Golden Pear Funding | 676.77 |
| 11/12/15 | Golden Pear Funding | 676.77 |
| 11/13/15 | Golden Pear Funding | 676.77 |
| 11/16/15 | Golden Pear Funding | 676.77 |
| 11/17/15 | Golden Pear Funding | 676.77 |
| 11/18/15 | Golden Pear Funding | 676.77 |
| 11/19/15 | Golden Pear Funding | 676.77 |
| 11/20/15 | Golden Pear Funding | 676.77 |
| 11/23/15 | Golden Pear Funding | 676.77 |
| 11/24/15 | Golden Pear Funding | 676.77 |
| 11/25/15 | Golden Pear Funding | 676.77 |
| 11/27/15 | Golden Pear Funding | 676.77 |
| 11/30/15 | Golden Pear Funding | 676.77 |
| 12/01/15 | Golden Pear Funding | 676.77 |
| 12/02/15 | Golden Pear Funding | 676.77 |
| 12/03/15 | Golden Pear Funding | 676.77 |
| 12/04/15 | Golden Pear Funding | 676.77 |
| 12/07/15 | Golden Pear Funding | 676.77 |
| 12/08/15 | Golden Pear Funding | 676.77 |

July 16, 2019
Page 3

| | | |
|---|---|---|
| 12/09/15 | Golden Pear Funding | 676.77 |
| 12/10/15 | Golden Pear Funding | 676.77 |
| 12/11/15 | Golden Pear Funding | 676.77 |
| 12/14/15 | Golden Pear Funding | 676.77 |
| 12/15/15 | Golden Pear Funding | 676.77 |
| 12/16/15 | Golden Pear Funding | 676.77 |
| 12/17/15 | Golden Pear Funding | 676.77 |
| 12/18/15 | Golden Pear Funding | 676.77 |
| 12/21/15 | Golden Pear Funding | 676.77 |
| 12/22/15 | Golden Pear Funding | 676.77 |
| 12/23/15 | Golden Pear Funding | 676.77 |
| 12/24/15 | Golden Pear Funding | 676.77 |
| 12/28/15 | Golden Pear Funding | 676.77 |
| 12/29/15 | Golden Pear Funding | 676.77 |
| 12/30/15 | Golden Pear Funding | 676.77 |
| 12/31/15 | Golden Pear Funding | 676.77 |
| 01/04/16 | Golden Pear Funding | 676.77 |
| 01/05/16 | Golden Pear Funding | 676.77 |
| 01/06/16 | Golden Pear Funding | 676.77 |
| 01/07/16 | Golden Pear Funding | 676.77 |
| 01/08/16 | Golden Pear Funding | 676.77 |
| 05/02/16 | Golden Pear Funding | 1,472.73 |
| 05/03/16 | Golden Pear Funding | 1,472.73 |
| 05/04/16 | Golden Pear Funding | 1,472.73 |
| 05/05/16 | Golden Pear Funding | 1,472.73 |
| 05/06/16 | Golden Pear Funding | 1,472.73 |
| 05/09/16 | Golden Pear Funding | 1,472.73 |
| 05/10/16 | Golden Pear Funding | 1,472.73 |
| 05/11/16 | Golden Pear Funding | 1,472.73 |
| 05/12/16 | Golden Pear Funding | 1,472.73 |
| 05/13/16 | Golden Pear Funding | 1,472.73 |
| 05/16/16 | Golden Pear Funding | 1,472.73 |
| 05/17/16 | Golden Pear Funding | 1,472.73 |
| 05/18/16 | Golden Pear Funding | 1,472.73 |
| 05/19/16 | Golden Pear Funding | 1,472.73 |
| 05/20/16 | Golden Pear Funding | 1,472.73 |
| 05/23/16 | Golden Pear Funding | 1,472.73 |
| 05/24/16 | Golden Pear Funding | 1,472.73 |
| 05/25/16 | Golden Pear Funding | 1,472.73 |
| 05/26/16 | Golden Pear Funding | 1,472.73 |
| 05/27/16 | Golden Pear Funding | 1,472.73 |
| 05/31/16 | Golden Pear Funding | 1,472.73 |
| 06/01/16 | Golden Pear Funding | 1,472.73 |

July 16, 2019
Page 4

| Date | | Payee | Amount |
|---|---|---|---|
| 06/02/16 | | Golden Pear Funding | 1,472.73 |
| 06/03/16 | | Golden Pear Funding | 1,472.73 |
| 06/06/16 | | Golden Pear Funding | 1,472.73 |
| 06/07/16 | | Golden Pear Funding | 1,472.73 |
| 06/08/16 | | Golden Pear Funding | 1,472.73 |
| 06/09/16 | | Golden Pear Funding | 1,472.73 |
| 06/10/16 | | Golden Pear Funding | 1,472.73 |
| 06/13/16 | | Golden Pear Funding | 1,472.73 |
| 06/14/16 | | Golden Pear Funding | 1,472.73 |
| 06/15/16 | 1194 | Golden Pear Funding | 1,472.73 |
| 06/16/16 | | Golden Pear Funding | 1,472.73 |
| 06/17/16 | | Golden Pear Funding | 1,472.73 |
| 06/20/16 | | Golden Pear Funding | 1,472.73 |
| 06/21/16 | | Golden Pear Funding | 1,472.73 |
| 06/22/16 | | Golden Pear Funding | 1,472.73 |
| 06/23/16 | | Golden Pear Funding | 1,472.73 |
| 06/24/16 | | Golden Pear Funding | 1,472.73 |
| 06/27/16 | | Golden Pear Funding | 1,472.73 |
| 06/28/16 | | Golden Pear Funding | 1,472.73 |
| 06/29/16 | | Golden Pear Funding | 1,472.73 |
| 06/30/16 | | Golden Pear Funding | 1,472.73 |
| 07/01/16 | | Golden Pear Funding | 1,472.73 |
| 07/05/16 | | Golden Pear Funding | 1,472.73 |
| 07/06/16 | | Golden Pear Funding | 1,472.73 |
| 07/07/16 | | Golden Pear Funding | 1,472.73 |
| 07/11/16 | | Golden Pear Funding | 1,472.73 |
| 07/12/16 | | Golden Pear Funding | 1,472.73 |
| 07/13/16 | | Golden Pear Funding | 1,472.73 |
| 07/14/16 | | Golden Pear Funding | 1,472.73 |
| 07/15/16 | 1209 | Golden Pear Funding | 1,472.73 |
| 07/18/16 | | Golden Pear Funding | 1,472.73 |
| 07/19/16 | | Golden Pear Funding | 1,472.73 |
| 07/20/16 | | Golden Pear Funding | 1,472.73 |
| 07/21/16 | | Golden Pear Funding | 1,472.73 |
| 07/22/16 | | Golden Pear Funding | 1,472.73 |
| 07/25/16 | | Golden Pear Funding | 1,472.73 |
| 07/26/16 | | Golden Pear Funding | 1,472.73 |
| 07/27/16 | | Golden Pear Funding | 1,472.73 |
| 07/29/16 | | Golden Pear Funding | 1,472.73 |
| 08/01/16 | | Golden Pear Funding | 1,472.73 |
| 08/02/16 | | Golden Pear Funding | 1,472.73 |
| 08/03/16 | | Golden Pear Funding | 1,472.73 |
| 08/04/16 | | Golden Pear Funding | 1,472.73 |

July 16, 2019
Page 5

| Date | | Payee | Amount |
|------|------|------|------|
| 08/05/16 | | Golden Pear Funding | 1,472.73 |
| 08/08/16 | | Golden Pear Funding | 1,472.73 |
| 08/09/16 | | Golden Pear Funding | 1,472.73 |
| 08/10/16 | | Golden Pear Funding | 1,472.73 |
| 08/11/16 | | Golden Pear Funding | 1,472.73 |
| 08/12/16 | | Golden Pear Funding | 1,472.73 |
| 08/15/16 | | Golden Pear Funding | 1,472.73 |
| 08/16/16 | | Golden Pear Funding | 1,472.73 |
| 08/17/16 | | Golden Pear Funding | 1,472.73 |
| 08/18/16 | 1221 | Golden Pear Funding | 1,472.73 |
| 08/22/16 | | Golden Pear Funding | 1,472.73 |
| 08/23/16 | | Golden Pear Funding | 1,472.73 |
| 08/24/16 | | Golden Pear Funding | 1,472.73 |
| 08/25/16 | | Golden Pear Funding | 1,472.73 |
| 08/26/16 | | Golden Pear Funding | 1,472.73 |
| 08/29/16 | | Golden Pear Funding | 1,472.73 |
| 08/30/16 | | Golden Pear Funding | 1,472.73 |
| 08/31/16 | | Golden Pear Funding | 1,472.73 |
| 09/01/16 | | Golden Pear Funding | 1,472.73 |
| 09/02/16 | | Golden Pear Funding | 1,472.73 |
| 09/06/16 | | Golden Pear Funding | 1,472.73 |
| 09/07/16 | | Golden Pear Funding | 1,472.73 |
| 09/08/16 | | Golden Pear Funding | 1,472.73 |
| 09/09/16 | | Golden Pear Funding | 1,472.73 |
| 09/13/16 | | Golden Pear Funding | 1,472.73 |
| 09/14/16 | | Golden Pear Funding | 1,472.73 |
| 09/15/16 | | Golden Pear Funding | 1,472.73 |
| 09/16/16 | | Golden Pear Funding | 1,472.73 |
| 09/19/16 | | Golden Pear Funding | 1,472.73 |
| 09/20/16 | | Golden Pear Funding | 1,472.73 |
| 09/21/16 | | Golden Pear Funding | 1,472.73 |
| 09/22/16 | | Golden Pear Funding | 1,472.73 |
| 09/23/16 | | Golden Pear Funding | 1,472.73 |
| 09/26/16 | | Golden Pear Funding | 1,472.73 |
| 09/27/16 | | Golden Pear Funding | 1,472.73 |
| 09/28/16 | | Golden Pear Funding | 1,472.73 |
| 09/29/16 | | Golden Pear Funding | 1,472.73 |
| 09/30/16 | | Golden Pear Funding | 1,472.73 |
| 10/04/16 | | Golden Pear Funding | 1,472.73 |
| 10/06/16 | | Golden Pear Funding | 1,472.73 |
| 10/07/16 | | Golden Pear Funding | 1,472.73 |
| 10/11/16 | | Golden Pear Funding | 1,472.73 |
| 10/13/16 | | Golden Pear Funding | 1,472.73 |

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

July 16, 2019
Page 6

| 10/14/16 | Golden Pear Funding | 1,472.73 |
| 10/17/16 | Golden Pear Funding | 1,472.73 |
| 10/18/16 | Golden Pear Funding | 299.70 |
| | **Golden Pear Funding Total** | **212,380.98** |

We can find no documentation in the debtors' records that show the benefit received in exchange for the payments listed above.

Based upon the information available to us, together with our understanding of the nature of the financial affairs of the debtors during the applicable time period, it appears that these transfers may be avoidable and recoverable under 11 U.S.C. §§ 544, 547, 548, and/or 550.

Notwithstanding the foregoing, we understand that the debtors' records may not be complete. Therefore, we are interested in receiving any documents that support any defense you might have in the matter, such as contracts, invoices, agreements, payments, loans, or other evidence of indebtedness to your company for the applicable time-period. We would need to receive the documents explanation for these transfers and any related transactions from you on or before August 30, 2019. We are requesting a documented explanation so that we can more fully evaluate the potential claims and any applicable defenses before commencing formal litigation.

Please contact me should you have any questions or concerns. Thank you.

Sincerely,

DREW M. DILLWORTH

#7555219 v1

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 7 |
| MP DIAGNOSTICS, INC., | Case No.: 18-10450 -LMI |
| MP DIAGNOSTICS, LTD., | Jointly Administered |
|      Debtors. | |

_____/

| | |
|---|---|
| DREW M. DILLWORTH, as Chapter 7 Trustee, | Adv. Pro. No. _____ |
|      Plaintiff, | |
| v. | |
| GOLDEN PEAR FUNDING, LLC, a New York limited liability company, | |
|      Defendant. | |

_____/


**STATEMENT OF TRUSTEE DILLWORTH**

I DREW M. DILLWORTH, ESQ., pursuant to 28 U.S.C. § 1746(2), under penalty of perjury and swear, as counsel to the Plaintiff/Chapter 7 Trustee, that at present, there are no available monies in the chapter 7 estate with which to pay the adversary filing fee in this matter.

However, upon recovery of free and clear funds said filing fee shall be paid over to the Clerk of this Court in this matter.

FURTHER AFFIANT SAYETH NAUGHT.

Dated:  February 3, 2020.

/s/ *Drew M. Dillworth*
Drew M. Dillworth, FBN 0167835
ddillworth@stearnsweaver.com

#8136774 v1